# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDI A. BRYSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST COAST LIFE INSURANCE COMPANY,<br><br>　　　　Defendant.<br>_____ / | Case No. 1:23-cv-00193-JLT-SKO<br><br>**ORDER VACATING HEARING AND DENYING DEFENDANT WEST COAST LIFE INSURANCE COMPANY'S UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO SERVE SUBPOENA ON NON-PARTY JASON BRYSON VIA HIS COUNSEL**<br><br>**(Doc. 14)** |

## I.    INTRODUCTION

On February 1, 2024, Defendant West Coast Life Insurance Company ("Defendant") filed an "Unopposed Ex Parte Application for Leave to Serve Subpoena on Non-Party Jason Bryson Via His Counsel" (the "Ex Parte Application"). (Doc. 14.)  Defendant filed its "Joint Statement re Discovery Disagreement" directed to the Ex Parte Application, as required by this Court's Local Rule 251, on February 14, 2024 (the "Joint Statement").[1]  (Doc. 18.)  The Court has reviewed the parties' papers and all supporting material and finds the matter suitable for decision without oral argument.  The hearing set for February 28, 2024, will therefore be vacated.

Having considered the Ex Parte Application, Joint Statement, and supporting exhibits, and for the reasons set forth below, the Application will be denied.

---

[1] Defense counsel conferred with counsel for Plaintiff Teddi A. Bryson prior to filing the Ex Parte Application, who advised that Plaintiff does not oppose the relief sought. (*See* Doc. 14-1 ¶ 35.)  Defense counsel sought to secure the participation of Thomas Roll, Esq., on whom Defendant wishes to effect substitute service of the subject subpoena, in the preparation of the Joint Statement, but was unsuccessful. (*See* Doc. 18-1 ¶ 42.)

**II.        BACKGROUND**

This lawsuit involves Defendant's administration of a death benefit claim on an insurance policy where there were competing claims to the policy's benefits asserted by both Plaintiff Teddi A. Bryson ("Plaintiff"), the insured's ex-spouse, and non-party Jason Bryson ("Mr. Bryson"), the insured's son.  On November 18, 2022, Plaintiff initiated a civil action against Defendant in the Superior Court of the State of California, Fresno County, asserting claims against Defendant for breach of contract and breach of the covenant of good faith and fair dealing based upon Defendant's alleged delay in paying Plaintiff the policy benefits.  (Doc. 1 at 15–31.)  Defendant removed the action to this Court on February 8, 2023, based on diversity jurisdiction.  (*Id*. at 2–6.)

Defendant seeks to subpoena Mr. Bryson, contending that "testimony regarding his competing claim to the [] policy's death benefit is critical to the issues in this lawsuit, including [Defendant]'s defenses."  (Doc. 14 at 6; Doc. 18 at 4.)  Defendant has made various attempts through investigators and process servers to locate Mr. Bryson and serve him with a subpoena.  From July 30, 2023, through December 5, 2023, Defendant's investigators and process servers made 18 attempts at serving Mr. Bryson at various residences in California.  (Doc. 18 at 4, 8–11.)

Defense counsel also, on several occasions, contacted Thomas Roll, Esq. ("Attorney Roll"), who had submitted a claim to the policy benefits on behalf of Mr. Bryson, to request that Attorney Roll "accept service of the subpoena on Mr. Bryson's behalf, or alternatively, help facilitate service of Mr. Bryson."  (*See id*. at 6, 9–10, 11, 12.)  On February 1, 2024, Attorney Roll responded that he was "not authorized to accept service for [Mr. Bryson]," and on February 5, 2024, he wrote:

> I have attempted to reach Mr. Bryson and have no response from him for over 90 days. I cannot tell you if he is still in the State of California or not.  I have terminated my representation of Mr. Bryson.  If you elect to serve me, I do not intend on working for free and cannot give you or the Court any assurance that he will receive notice.

(Doc. 18 at 12.)

Because of its inability to personally serve Mr. Bryson, Defendant now moves the Court for leave to serve Mr. Bryson by either mailing or e-mailing the subpoena to Attorney Roll.  (*See* Doc. 14-3.)

2

### III. DISCUSSION

**A. Legal Standard**

Fed. R. Civ. P. 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person[.]" "The majority rule is that Rule 45 requires personal service." *RP Golden State Mgmt., LLC v. Ohio Sec. Ins. Co.*, No. 1:19-cv-00600-DAD-JLT, 2020 WL 4748324, at *5 (E.D. Cal. Aug. 17, 2020) (collecting cases). "However, a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery pursuant to a court order." *Id*. (collecting cases). "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015). Even where such earlier diligence is shown, a court will not grant alternative service unless the method is "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *Fujikura*, 2015 WL 5782351, at *5. *See also Chambers v. Whirlpool Corp.*, No. SA CV 11-1733-FMO (JCGx), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016).

**B. Analysis**

Defendant has provided sufficient evidence that it has diligent attempted to serve Mr. Bryson with the subpoena personally. As noted above, Defendant's investigators and process servers made 18 attempts at serving Mr. Bryson at various residences in California over a four-month period. (Doc. 18 at 4, 8–11.) None of these attempts at personal service was successful.

Based on these efforts, it would appear Mr. Bryson is attempting to evade service, which counsels in favor of granting the Ex Parte Application and permitting a method of alternative service. *See Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-80090-MEJ, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015) ("[T]he Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service."). But the Court cannot approve the method of alternative service Defendant proposes in its Ex Parte Application because it has not shown that it is "reasonably calculated" to provide Mr. Bryson "timely, fair notice and an opportunity to object or file a motion to quash." Defendant proposes to serve Mr. Bryson by either

3

1 mailing or e-mailing the subpoena to Attorney Roll. But even were Attorney Roll to receive the
2 subpoena by these means, he has indicated to Defendant that he has terminated his representation
3 of Mr. Bryson, and further has been unable to reach him for the past three months. (Doc. 18 at 12.)
4 Attorney Roll specifically states that if served with Mr. Bryson's subpoena he "cannot give . . . any
5 assurance that he will receive notice." Under these circumstances, the Court cannot find that service
6 on Attorney Roll would reasonably provide Mr. Bryson with notice and an opportunity to object.
7 In fact, the record suggests otherwise.

8 Defendant does not cite any legal authority in its briefing that permits alternative service of
9 a subpoena by serving a respondent's former attorney, and the Court has found none. The cases
10 cited by Defendant fall into two, inapposite categories to the case at bar. The first category of cases
11 and their progeny permit substitute service of the subpoena by <u>mail directed to the respondent</u>, which
12 has been uniformly found to be reasonably calculated to comport with due process. *See Hardy v.*
13 *Moreno*, No. 1:21-cv-00327-ADA-EPG (PC), 2022 WL 4667108, at *1 (E.D. Cal. Sept. 30, 2022)
14 (finding service of the subpoena by mail appropriate due to the non-party's refusal to accept service).
15 *See also Toni Brattin & Co.*, 2015 WL 1844056, at *4 (granting motion to serve Rule 45 subpoenas
16 by certified mail). The other category permits substitute service by <u>email directed to the respondent</u>,
17 but only where the movant showed either that the respondent had "knowledge of and actually
18 received the subpoenas" as evidenced by their emailed responses, *Chambers,* 2016 WL 9451361, at
19 *3, or that they had previously communicated with the respondent using the same email address to
20 which they proposed to send the subpoena, *see Steve McCurry Studios, LLC v. Web2Web Mktg.,*
21 *Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) ("[T]his order finds
22 that in these circumstances, service by e-mail to Gupta's pgupta@acteva.com address 'is reasonably
23 calculated to give actual notice' to defendant and Gupta. This is in light of Gupta's four e-mails
24 sent from that address to plaintiff's counsel about this action."), and *Aevoe Corp. v. Pace*, No. C 11-
25 3215 MEJ, 2011 WL 3904133, at *1–2 (N.D. Cal. Sept. 6, 2011) ("Aevoe further alleges that it has
26 previously communicated with Pace via email.").[2] *See also Armed Forces Bank NA v. Dragoo*, No.

---

[2] In *Aevoe*, the court ordered both service by email ***and*** by publication "out of an abundance of caution." 2011 WL 3904133, at *2.

4

CV-17-00786-PHX-ROS, 2018 WL 8621583, at *2 (D. Ariz. May 23, 2018) ("AFB has had repeated contact with Mr. Warner via email and service by email is 'reasonably calculated under the circumstances to provide [Kelly/Warner] with both notice and an opportunity to present objections.'"); *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (finding service by email was reasonably calculated to provide actual notice in light of the "substantial evidence that Defendant regularly uses and checks the justice_for_julie@yahoo.com email address."). None of the above cases address, much less lend support for, permitting alternative service of a subpoena under Rule 45 directed to a respondent's attorney, let alone former attorney.³

In its Joint Statement, Defendant for the first time alternatively requests that the Court order Attorney Roll to disclose Mr. Bryson's last known e-mail address, so that Defendant may serve Mr. Bryson via email. (*See* Doc. 18 at 15; Doc. 18-11.) Defendant again fails to provide any authority for the proposition that the Court can compel Attorney Roll to disclose his former client's email address for the purposes of serving a subpoena.⁴ Attorney Roll is not before the Court, nor is there a subpoena directed to him seeking discovery of Mr. Bryson's email address with which the Court could compel compliance. Given Defendant's failure to provide any support for this requested relief, it will be denied.

## IV.    ORDER

For the foregoing reasons, Defendant West Coast Life Insurance Company's "Unopposed Ex Parte Application for Leave to Serve Subpoena on Non-Party Jason Bryson Via His Counsel"

---

³ It is well-established that service of a subpoena on an attorney does not constitute personal service on the respondent under Rule 45. *See Fujikura*, 2015 WL 5782351, at *6 (collecting cases). *Cf. Millenium Drilling Co. v. Beverly House-Meyers Revocable Tr.*, No. 2:12-cv-00462-MMD-CWH, 2015 WL 13940564, at *2 (D. Nev. Jan. 8, 2015) ("Defendants have, again, failed to provide any authority for the proposition that the court can compel an attorney to accept service of a Rule 45 subpoena on behalf of non-party."). Contrast this with a situation where a subpoenaed party has authorized their current attorney to accept service of a subpoena on their behalf. *See Tiki Shark Art Inc. v. CafePress, Inc*., No. CIV. 13-00577 JMS, 2014 WL 3928799, at *5 (D. Haw. Aug. 12, 2014) ("[S]ervice of a Rule 45 subpoena may also be accomplished where counsel accepts service on behalf of a non-party witness.") (citing *Casida v. Sears Holding Corp*., 2012 WL 3260423, at *3 (E.D. Cal. Aug. 8, 2012) (noting that plaintiff's counsel agreed to accept service of deposition subpoena on third party witness' behalf)).

⁴ The cases cited by Defendant in its Joint Statement stand for the unremarkable proposition that an individual does not have a legally protected privacy interest or reasonable expectation of privacy in emails generally. (*See* Doc. 18 at 15–16.) They do not address, however, Defendant's request here: the compulsion of a non-party's email address from their former attorney.

(Doc. 14) is DENIED.  The hearing set for February 28, 2024, is VACATED.

IT IS SO ORDERED.

Dated:  **February 20, 2024**                     /s/ *Sheila K. Oberto*                  
                                                               UNITED STATES MAGISTRATE JUDGE